#### [No. 1398.]
#### DEBORD v. JOHNSON.

STOCK BRAND—PRIMA FACIE EVIDENCE OF OWNERSHIP.

A stock brand duly recorded is *prima facie* evidence of ownership of an animal upon which it is found, but may be overcome by other evidence of ownership.

*Appeal from the County Court of Custer County.*

Mr. H. TOWNSEND and Mr. JOHN R. SMITH, for appellant.

Mr. J. G. SCHWEIGERT, for appellee.

THOMSON, P. J., delivered the opinion of the court.

Replevin by appellant against appellee for a cow.   Nonsuit against, and appeal by, plaintiff.

The plaintiff was an infant, and sued by her next friend, Ida W. Debord.   The evidence was that the plaintiff's father, Albert M. Debord, had for a number of years been in charge, as manager, of a farm and herd of cattle belonging to Dr. W. A. Bell ; that while he had charge of the farm and cattle, two cows were given to the plaintiff, one with Jersey blood, and one, part Devon, and part Hereford.   Dr. Bell's brand was " C. F.," and the plaintiff's father used that brand on these

two cows to avoid a diversity of brands on the same farm, notifying Dr. Bell that the cows were the plaintiff's; that Debord was succeeded, as manager, by the defendant, and left the farm with his family; that the defendant afterwards delivered the Jersey cow to the plaintiff, but refused to surrender the other; that the plaintiff permitted the cows to remain with the defendant for some little time after her father had left the farm, and the defendant charged, and was paid, pasturage for both, his receipted bill for such pasturage being in evidence; and that the cow in controversy was one of those same cows. Upon this evidence the court, on motion of the defendant, granted a nonsuit, and rendered judgment against the plaintiff for the return of the property or the payment of its value.

The reasons which influenced the court in its action do not appear in the record, and the argument of the defendant's counsel does not indicate very satisfactorily what his contention really is. Unless it is that Mr. Debord, by using the brand of Dr. Bell, made the cows the property of the latter, or precluded the plaintiff from saying that they were not his property, we do not see that there is any contention. Section 3174 of the general statutes provides that in any suit involving the title to stock, the brand on an animal shall be *prima facie* evidence of the ownership of the animal by the person owning the brand, provided the brand has been duly recorded as required by law. There was no evidence whether this brand had been recorded or not; but if its record had been proved it would only have been *prima facie* evidence. The evidence introduced was amply sufficient to overcome any presumption arising even on a recorded brand, and to put the defendant upon his proof. The granting of the nonsuit was error.

Let the judgment be reversed.

*Reversed.*